UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-101 |
| v. | * | SECTION: "I" |
| WARREN PICARD | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

The above-named defendant, **WARREN PICARD,** has agreed to plead guilty to Count 1 of the Second Superseding Bill of Information in which he is charged with conspiracy to possess a firearm by a felon, and Count 2 of the Second Superseding Bill of Information in which he is charged with misprision of felony. Should this matter have proceeded to trial, the United States of America would have proven beyond a reasonable doubt, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts, among others, to support the allegations of Counts 1 and 2 against defendant **WARREN PICARD** (**"PICARD"**):

On April 15, 2016, in the Orleans Parish Criminal District Court, **PICARD** was convicted of possession with the intent to distribute cocaine, in violation of Louisiana R.S. 40:967(B)(1), under case number 526-902 "J." **PICARD** was sentenced to imprisonment at hard labor for a term of 10 years. On a "Waiver of Constitutional Rights" form, which **PICARD** signed and initialed, **PICARD** acknowledged that the maximum sentence for that crime was more than one year of imprisonment.

In early July 2020, in connection with an ongoing investigation, members of the New Orleans Police Department ("NOPD") conducted surveillance and reviewed video footage from

AUSA **JS**
Defendant WP
Defense Counsel AM

an apartment complex located at 6000 Chef Menteur Highway, New Orleans, Louisiana. Based on that investigation, members of NOPD observed **PICARD** entering and exiting from Apartment 214 at that apartment complex on several occasions. Additionally, members of NOPD determined that another individual, referred to herein as Coconspirator-1, leased the apartment and resided there with **PICARD**.

On July 21, 2020, members of the NOPD executed a search warrant at the aforementioned apartment. **PICARD** and Coconspirator-1 were inside the apartment at the time. Underneath the mattress of a bed was a Glock Model 17 9mm pistol bearing serial number TDW156, which was loaded with 24 rounds in an extended magazine. **PICARD** was provided with *Miranda* warnings and interviewed by members of NOPD. During the interview, **PICARD** acknowledged that he was prohibited from possessing firearms due to his prior convictions, but falsely stated that he did not possess or have any knowledge of the Glock Model 17 9 mm pistol.

Subsequently, the Louisiana State Police laboratory compared DNA swabs from the firearm with reference DNA samples from **PICARD**. The DNA profile from the slide and grip of the gun was consistent with a mixture of DNA from at least two contributors, with one major contributor. The chances that **PICARD** was not the major contributor to that mixture of DNA, amongst an African American population is 1 in 100 nonillion.

**PICARD** admits that he and Coconspirator-1 jointly possessed the firearm prior to its recovery by NOPD, in that both **PICARD** and Coconspirator-1 possessed the firearm on occasion. Coconspirator-1 stored the firearm under the mattress in Coconspirator-1's residence for **PICARD**. **PICARD** admits that Coconspirator-1 was aware that **PICARD** had previously been convicted of a felony punishable by more than 1 year of imprisonment and therefore was prohibited from possessing firearms.

AUSA ___
Defendant ___
Defense Counsel ___

An expert witness from the Bureau of Alcohol, Tobacco, Firearms and Explosives would testify that the aforementioned Glock Model 17 firearm was not manufactured in the state of Louisiana, and therefore, had entered into interstate commerce prior to July 21, 2020.

By way of this factual basis, **PICARD** admits that he had knowledge that he and Coconspirator-1 had conspired to violate 18 U.S.C. § 922(g)(1) (prohibiting possession of firearms by felons), and that he failed to notify an authority as soon as possible. **PICARD** also acknowledges that he committed affirmative acts to conceal the crime, including falsely stating to the NOPD that he did not possess or have any knowledge of the Glock Model 17 9 mm pistol.

This proffer of evidence is not intended to constitute a complete statement of all facts known by **PICARD**, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal and factual basis for **PICARD's** plea of guilty to these crimes.

READ AND APPROVED:

_____   6/29/22
JONATHAN L. SHIH                  (Date)
Assistant United States Attorney

_____   6/28/22
ANNALISA MIRON                    (Date)
Attorney for Defendant

_____   6/29/22
WARREN PICARD                     (Date)
Defendant